FILED

2012 Apr-11  PM 05:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **CAROLINA CASUALTY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: 7:10-CV-1614-VEH** |
| | ) | |
| **ARKANSAS TRANSIT HOMES,** | ) | |
| **INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION

## I.    PROCEDURAL HISTORY

The magistrate judge filed a Report and Recommendation on December 22, 2011 (Doc. 69), recommending that the Summary Judgment Motions filed by the Defendants, Max B. Ward ("Ward") and Elizabeth Ward ("Mrs. Ward") (collectively, "the Wards") and by the Defendant, Arkansas Transit Homes, Inc. ("Arkansas Transit") be **GRANTED** and that the Motion for Summary Judgment filed by Plaintiff, Carolina Casualty Insurance Company ("Carolina Casualty") be **DENIED**.[1]

---

[1]  The fourth and final Defendant, Shirley Upton, as Personal Representative of the Estate of Douglas Edward Upton, did not file a dispositive motion and did not file any brief in opposition to, or in support of, any of the Motions that are addressed in this Memorandum Opinion.

On that same date, this case was reassigned to the undersigned judge. (Doc. 70). The Motions, briefs, and evidentiary materials submitted by the parties are found at documents 35–40, 42–43, 45, 48–49, 53, and 66–68. On January 6, 2012, Carolina Casualty filed Objections (doc. 71) to the magistrate judge's Report and Recommendation. No response has been filed to the Objections. The Motions, the Report and Recommendation, and Carolina Casualty's Objections are now under submission.

For the reasons explained below, the magistrate judge's report is due to be **ACCEPTED**, and his recommendations are due to be **ADOPTED** as modified hereinafter. Likewise, Carolina Casualty's Objections are due to be **OVERRULED**. Accordingly, the Motions for Summary Judgment filed by the Wards and by Arkansas Transit are due to be **GRANTED** and the Motion for Summary Judgment filed by Carolina Casualty is due to be **DENIED**.

## II.    STANDARDS OF REVIEW

### A.    Summary Judgment Standard

The Eleventh Circuit has summarized the summary judgment burden, including when a defendant seeks judgment as a matter of law on the basis of an affirmative defense, as follows.

Summary judgment is appropriate "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quotations and emphasis omitted). If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense. *See Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003).

*Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1273-74 (11th Cir. 2006).[2]

Although there are cross-motions for summary judgment, each side must still establish the lack of genuine issues of material fact and that it is entitled to judgment as a matter of law. *See Chambers & Co. v. Equitable Life Assur. Soc. of the U.S.*, 224 F.2d 338, 345 (5th Cir. 1955) ("Both parties filed and argued motions for summary judgment, but this does not warrant the granting of either motion if the record reflects a genuine issue of fact.").[3] The court considers each motion independently, and in

---

[2] The "facts" are determined for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts.'" (citation omitted)). Where the facts are in dispute, they are viewed in the manner most favorable to the plaintiff. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

[3] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of

3

accordance with the Rule 56 standard. *See U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion."). "The fact that both parties simultaneously are arguing that there is no genuine issue of fact, however, does not establish that a trial is unnecessary thereby empowering the court to enter judgment as it sees fit." WRIGHT, MILLER & KANE, FED. PRACTICE & PROC. § 2720, at 327-28 (3d ed. 1998).

B.   District Court Review of Report and Recommendation

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982))[4]; *see also* 28 U.S.C. § 636(b)(1). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh

---

the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982).

[4] See *supra* note 3; *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

consideration to those issues to which specific objection has been made by a party."
*Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).
In contrast, those portions of the report and recommendation to which no objection
is made need only be reviewed for clear error.  *Macort v. Prem, Inc.*, 208 Fed. App'x
781, 784 (11th Cir. 2006).[5]

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct."
*United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation and
quotation marks omitted).  It is incumbent upon the parties to timely raise any
objections that they may have regarding a magistrate judge's findings contained in
a report and recommendation, as the failure to do so subsequently waives or abandons
the issue, even if such matter was presented at the magistrate judge level.  *See*, *e.g.*,
*U.S. v. Pilati*, 627 F.3d 1360, 1365 (11th Cir. 2010) ("While Pilati raised the issue of
not being convicted of a qualifying offense before the magistrate judge, he did not

---

[5] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

raise this issue in his appeal to the district court.  Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge.  *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410.  Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id*. (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

## III.   BACKGROUND

In order to frame the matter for the reader, the court will first set out the unobjected-to factual and legal background of this declaratory judgment insurance coverage dispute.

The underlying state action arises from a single-vehicle accident in which

Douglas Edward Upton ("Upton"), the driver of an 18-wheeler truck ("the truck"), suffered fatal injuries and Max B. Ward ("Ward"), the passenger in the truck, suffered severe injuries. At the time of the accident, Upton and Ward were returning from a trip in which they had delivered a mobile home for Arkansas Transit. Ward escorted the truck as Upton drove it to transport the mobile home and, after delivery of the home, Ward loaded his escort vehicle onto the truck and rode as a passenger in the truck. Only Upton drove the truck in relation to this trip. Approximately 20 months after the accident, Ward and his wife, Elizabeth (hereinafter collectively "the Wards"), sued Shirley Upton, as representative of Upton's estate, in the Circuit Court of Marion County, Alabama, seeking damages for Upton's alleged negligence and wantonness, including loss of services, companionship, society, and consortium. The Wards later amended their state-court complaint to allege the same claims against Arkansas Transit. Because Arkansas Transit had commercial-vehicle insurance coverage from Carolina Casualty at the time of the accident, Carolina Casualty commenced the present action to obtain a declaration that it owes no duty under the policy to defend or indemnify Arkansas Transit or Upton in the state action.

The Commercial Transportation Policy ("the Policy") issued by Carolina Casualty to Arkansas Transit that was in effect at the time of the accident provides liability coverage for commercial-trucks owned or leased by Arkansas Transit.

Carolina Casualty seeks to invoke exclusions four and five on the ground that, under the terms of the Policy, Ward and Upton were employees of Arkansas Transit.

The Wards and Carolina Casualty all assert that Upton was an employee of Arkansas Transit, and Arkansas Transit does not take a position on the issue in its briefing.  However, the Wards and Arkansas Transit assert that Ward was not an employee of Arkansas Transit, while Carolina Casualty argues that Ward was an employee of Arkansas Transit.  The magistrate judge found that Ward was not an employee of Arkansas Transit and that, therefore, the Policy exclusions relied upon by Carolina Casualty do not exclude the claims asserted in the underlying state court action.

## IV.   ANALYSIS

Carolina Casualty has raised 18 objections.  However, Carolina Casualty has pointed to no evidence (or lack of evidence) that controverts the magistrate judge's detailed factual findings in the Report and Recommendation (hereinafter the "R&R").  Additionally, for the reasons set out below, Carolina Casualty's arguments that the magistrate judge's legal conclusions are also wrong[6] are not persuasive.

The court will set out Carolina Casualty's objections and respond to each

---

[6] To the extent that Carolina Casualty has sufficiently asserted arguments to such legal conclusions.  *See supra* Section II. B.

objection, using the numbering employed by Carolina Casualty.[7]

## CAROLINA CASUALTY OBJECTION 1.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:[8]

> The Act and regulations define the term "employee" as an individual, not an employer, who directly affects commercial motor vehicle in the course of employment. Ward does not fall within this definition because he is an employer as that term is defined by the Act, and he did not maintain the [18 wheeler he owned and leased to Arkansas Transit] or drive [the] escort vehicle [he owned] in the course of employment with Arkansas Transit.

(Doc. 69, p.12-13).

(Doc. 71, p. 1) (alterations supplied).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 1.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings or legal conclusions asserted in this objection.

---

[7] Each objection is set out in its entirety.

[8] The court notes that throughout its objections to the Report and Recommendation, Carolina Casualty argues that genuine issues of material fact(s) are present such as to "require submission to a jury." (*E.g.,* Doc. 71 at 1). However, no jury was demanded by any party. Failure to demand a jury on issues triable by jury waives Plaintiff's right to a jury. *See* Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed.").

## COURT'S ANALYSIS OF OBJECTION 1.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection. This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence."

> A litigant on summary judgment cannot shift their burden to the court by simply referring generally to the existence of "evidence" in voluminous exhibits, large portions of which are not addressed in his brief, with the expectation that the court will unearth any beneficial evidentiary nuggets that the filer may have neglected to mention. *See, e.g.*, *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Preis v. Lexington Ins. Co.*, 508 F.Supp.2d 1061, 1068 (S.D. Ala. 2007) ("Parties may not, by the simple expedient of dumping a mass of evidentiary material into the record, shift to the Court the burden of identifying evidence supporting their respective positions."); *Carolina Acquisition, LLC v. Double Billed, LLC*, 627 F. Supp. 2d 1337 (S.D. Fla. 2009) ("Federal judges are not archaeologists. We possess neither the luxury nor the inclination to sift through that mound of obfuscation in hopes of finding a genuine issue of material fact to deny summary judgment.") (citation omitted). Accordingly, the Court will not squander scarce resources sifting through hundreds of pages of evidence for the thread of an alleged municipal custom where plaintiff has only proffered the bald assertion that one existed, bolstered by no direct citation whatsoever and hardly even gestured towards in the mutant blunderbuss assertions of "fact" in the "facts" portion of his brief.

*Alexander v. City of Muscle Shoals*, 766 F. Supp. 2d 1214, 1237 (N.D. Ala. 2011).

Further, Carolina Casualty has failed to set out any argument that the

magistrate judge's legal conclusions here objected to are wrong.  A party objecting

to an R&R must say enough to alert the court to alleged errors on the part of the

magistrate judge.

> A general objection, or one that merely restates the arguments
> previously presented[,] is not sufficient to alert the court to alleged
> errors on the part of the magistrate judge.  An "objection" that does
> nothing more than state a disagreement with a magistrate's suggested
> resolution, or simply summarizes what has been presented before, is not
> an "objection" as that term is used in this context.  A party who files
> timely objections to a magistrate's report in order to preserve the right
> to appeal must be mindful of the purpose of such objections: to provide
> the district court "with the opportunity to consider the specific
> contentions of the parties and to correct any errors immediately." [*U.S.
> v.] Walters*, 638 F.2d [947] at 949–50 [(6th Cir. 1981)].  The Supreme
> Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466,
> 88 L. Ed. 2d 435 (1985), a habeas corpus case. The Supreme Court
> noted that "[t]he filing of objections to a magistrate's report enables the
> district judge to focus attention on those issues-factual and legal-that are
> at the heart of the parties' dispute." *Id*. at 147, 106 S. Ct. 466 (footnote
> omitted).

*VanDiver v. Martin*, 304 F. Supp. 2d 934, 937-38 (E.D. Mich. 2004).

Thus, based on Carolina Casualty's failure to identify any evidence that

controverts the findings set out in its first objection, or to alert the court to any

alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual

findings and legal conclusions as set out in the R&R.  Alternatively, after a *de novo*

review of the briefs and the evidence, the court agrees with those conclusions.  Ward

does not fall within the statutory or regulatory definition of the term "employee."  The

11

court **OVERRULES** this objection and **ADOPTS** the findings and conclusion of the magistrate judge.

### CAROLINA CASUALTY OBJECTION 2.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

As the lessor of the truck [he owned and leased to Arkansas Transit], Ward is an employer and thus excepted from the definition of statutory definition employee.

(Id., p.13).

(Doc. 71, p. 2) (alterations supplied).

### CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 2.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Thus, Carolina Casualty has waived any objection to such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the magistrate judge.

### COURT'S ANALYSIS OF OBJECTION 2.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's

factual findings at issue in this objection.  This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong.  A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R.  Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those conclusions.  Ward is excepted from the statutory definition of the term "employee."  The court **OVERRULES** this objection and **ADOPTS** the findings and conclusion of the magistrate judge.

## CAROLINA CASUALTY OBJECTION 3.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon

which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

> Carolina Casualty attempts to evade the "employer" classification by separating Ward's activities with Arkansas Transit and arguing that Ward had "two jobs" with Arkansas Transit – one as lessor of the truck and a second as "an escort driver who provided his own escort vehicle for loads being delivered by Arkansas Transit."…This argument fails to place Ward within the definition of the term "employee" because Arkansas Transit did not employ Ward to drive the escort vehicle.

(Doc. 71, p. 2).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 3.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Thus, Carolina Casualty has waived any objection to such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 3.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection. This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view,*

14

"unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong. A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R. Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those conclusions. Because Arkansas Transit did not employ Ward to drive the escort vehicle, Carolina Casualty's argument that Ward had "two jobs" with Arkansas Transit fails to cause Ward to fall within the statutory definition of the term "employee."

### CAROLINA CASUALTY OBJECTION 4.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

The evidence before the court shows that Arkansas Transit

15

> contracted with Ward for Ward to provide the equipment
> for transport of a load, including the truck and an escort
> vehicle, and an escort driver.

(<u>Id</u>.)

(Doc. 71, p. 3).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 4.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Thus, Carolina Casualty has waived any objection to such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 4.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection. This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong. A party objecting

16

to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R. Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions. Further, the court finds that there are no legal conclusions to review as to this objection.

## CAROLINA CASUALTY OBJECTION 5.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

Although Ward often escorted the [18 wheeler he owned and leased to Arkansas Transit] in his own escort vehicle, the evidence shows that he was free to locate, hire, and pay another individual to escort the [18 wheeler], and on the day of the accident, he employed himself to drive the escort vehicle.

(Id.)

(Doc. 71, p. 3).

17

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 5.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Thus, Carolina Casualty has waived any objection to such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 5.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection.  This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong.  A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any

alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R.  Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions.  On the day of the accident, Ward employed himself to drive the escort vehicle.

## CAROLINA CASUALTY OBJECTION 6.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

> Carolina Casualty presents no evidence indicating that Arkansas Transit employed Ward for the position of escort driver. Instead, the evidence demonstrates that Arkansas Transit contracted with Ward for Ward to provide an escort of its loads.

(<u>Id.</u>, p. 14.)

(Doc. 71, p. 3).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 6.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Thus, Carolina Casualty has waived any objection to such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the

magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 6.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection.  This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong.  A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R.  Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions.  Further, there is no legal conclusion for the court to review as part of this objection.

## CAROLINA CASUALTY OBJECTION 7.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

> Accordingly, Arkansas Transit did not employ Ward to perform work that direct[ly] affects commercial motor vehicle safety.

(Id., p. 14.)

(Doc. 71, pp. 3-4) (alteration supplied).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 7.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Thus, Carolina Casualty has waived any objection to such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 7.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection. This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*,

21

"unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong.  A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge.  *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R.  Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions.  Arkansas Transit did not employ Ward to perform work that directly affects commercial motor vehicle safety.

### CAROLINA CASUALTY OBJECTION 8.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

Further, unlike the individual at issue in <u>Oliveri v. U.S. Food Service</u>,…[citation omitted] who was employed by the insured in the position of "manager of transportation,"

22

> Ward was merely a lessor who provided his [18 wheeler]
> and services when needed.

(Id., p. 14-15.)

(Doc. 71, p. 4).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 8.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Thus, Carolina Casualty has waived any objection to such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 8.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection.  This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong.  A party objecting

23

to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R. Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions. Ward was not an employee of Arkansas Transit. Rather, Ward exclusively leased his truck to Arkansas Transit. Additionally, on the occasion which is the basis for the underlying state court action, Ward leased to Arkansas Transit his services as an escort driver.

## CAROLINA CASUALTY OBJECTION 9.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

Carolina Casualty presents no evidence indicating that Arkansas Transit employed Ward for the position of escort driver. Instead, the evidence demonstrates that Arkansas Transit contracted with Ward for Ward to provide an escort [vehicle and driver to escort Arkansas Transit's] loads [being conveyed by Ward's truck he had leased to Arkansas Transit].

24

(Id., p. 14.)

(Doc. 71, p. 4) (alterations supplied).

### CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 9.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Thus, Carolina Casualty has waived any objection to such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the magistrate judge.

### COURT'S ANALYSIS OF OBJECTION 9.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection. This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong. A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R.  Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions.  Further, the court finds that, as to the trip which is the subject of this lawsuit: (1) Carolina Casualty presented no evidence that Arkansas Transit employed Ward for the position of escort driver; and (2) the undisputed evidence before the court establishes that Arkansas Transit contracted with Ward to provide an escort vehicle and driver to escort Arkansas Transit's load being conveyed by Ward's 18-wheeler truck which had been leased by Arkansas Transit.

## CAROLINA CASUALTY OBJECTION 10.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

This court is guided by the plain language of the Act and cannot find that Ward was an employee of Arkansas Transit under the terms of the Policy.

(Id., p. 15.)

(Doc. 71, p. 5.)

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 10.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Thus, Carolina Casualty has waived any objection to such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 10.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection.  This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong.  A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any

alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R.  Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions.  Ward was not an employee of Arkansas Transit under the terms of the Policy and therefore his claims are not excluded by the Policy exclusions at issue in this case.

## CAROLINA CASUALTY OBJECTION 11.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

[E]xclusions four and five of the Policy do not exclude coverage for damages arising from the underlying state action.

(Id., p. 15.)

(Doc. 71, p. 5).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 11.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection.  Thus, Carolina Casualty has waived any objection to such factual findings.  Further, Carolina Casualty has not alerted the court to any potential error by the

magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 11.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection.  This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence."  *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong.  A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge.  *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R.  Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions.  Because Ward was not Arkansas Transit's employee, his claims are not excluded by the Policy exclusions at issue in this case.

## CAROLINA CASUALTY OBJECTION 12.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

> [T]he undersigned recommends that defendants' Motions for Summary Judgment[] (docs. 35 and 36), be **GRANTED**, and plaintiff's Motion for Summary Judgment[] (doc. 37), be **DENIED**.

(Id.) (Emphasis in original.)

(Doc. 71, p. 5).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 12.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Thus, Carolina Casualty has waived any objection to such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 12.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection. This court will not sift through the R&R

30

and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong. A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R. Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions. Because Ward was not Arkansas Transit's employee, his claims are not excluded by the Policy exclusions at issue in this case. Therefore, Defendants are entitled to summary judgment in this declaratory judgment action (and the Wards's Motion for Summary Judgment and Arkansas Transit's Motion for Summary Judgment each is due to be **GRANTED**) and Carolina Casualty's Motion for Summary Judgment is due to be **DENIED**.

## CAROLINA CASUALTY OBJECTION 13.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine there is a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

> The court need not determine whether Upton was an employee of Arkansas Transit in view of the determination that Ward was not an employee.

(Id., FN. 6.)

(Doc. 71, p. 6).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 13.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Thus, Carolina Casualty has waived any objection to such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 13.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection. This court will not sift through the R&R

and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence." *Alexander*, 766 F. Supp. 2d 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong. A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R. Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions. Because Ward was not Arkansas Transit's employee, his claims are not excluded by the Policy exclusions at issue in this case (which are applicable to employees and co-employees of Arkansas Transit). Stated differently, Ward could not be Upton's co-employee unless both Upton and Ward were Arkansas Transit's employees. As Ward was not Arkansas Transit's employee, Ward could not be Upton's co-employee. Thus, neither Policy exclusion relied on by Carolina Casualty applies as to the Wards' claims.

Specifically, Carolina Casualty has conceded that "Max Ward did own and lease the truck *in conjunction with his business as owner/lessor* of the truck and[,] therefore, in that capacity, he is an 'employer' under the Definitions."  (Doc. 69, p. 13 n.5, quoting Doc. 66 at 3) (emphasis in original).

The Policy exclusions which Carolina Casualty asserts exclude any coverage under the Policy are as follows.

**4.     Employee Indemnification and Employer's Liability**

"Bodily injury" to:

a.     An "employee" of the "insured" arising out of and in the
course of:
(1) Employment by the "insured"; or
(2) Performing the duties related to the conduct of the
"insured's" business; or
b.     The spouse, child, parent, brother or sister of that
"employee" as a consequence of Paragraph a. above.

This exclusion applies:

(1)     Whether the "insured" may be liable as an employer
or in any other capacity; and
(2)     To any obligation to share damages with or repay
someone else who must pay damages because of the
injury.

But this exclusion does not apply to "bodily injury" to
domestic "employees" not entitled to workers'
compensation benefits or to liability assumed by the
"insured" under an "insured contract."  For the purposes of
the Coverage Form, a domestic "employee" is a person

34

engaged in household or domestic work performed principally in connection with a residence premises.

**5.    Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

The Policy defines the term "Employee" as "includes 'leased worker.' 'Employee' does not include a 'temporary worker.'"

(Doc. 69 at 5-6, quoting Doc. 35-2 at 22, 30) (internal citations, footnotes, and

alterations omitted).

## CAROLINA CASUALTY OBJECTION 14.

Carolina Casualty objects to the following finding by the Court on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine there is a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

Carolina Casualty attempts to evade the "employer" classification by separating Ward's activities with Arkansas Transit and arguing that Ward had "two jobs" with Arkansas Transit – one as lessor of the truck and a second as "an escort driver who provided his own escort vehicle for loads being delivered by Arkansas Transit."… This argument fails to place Ward within the definition of the term "employee" because Arkansas Transit did not employ Ward to drive the escort vehicle. The evidence before the court shows that Arkansas Transit contracted with Ward for Ward to provide the equipment for transport

35

of a load, including the [18 wheeler he owned] and an escort vehicle, and an escort driver…. Although Ward often escorted the [18 wheeler he owned] in his own escort vehicle, the evidence shows that he was free to locate, hire, and pay another individual to escort the truck, and on the day of the accident, he employed himself to drive the escort vehicle.

(Doc. 69, p. 13). The Court relies upon the following testimony to support these findings:

*14*

*8 … But as a*
*9 general question, the lease -- Mr. Ward leased to*
*10 you a truck and his services; is that correct?*
*11 A Correct.*
*12 Q And when I say truck, I mean -- it was*
*13 a 1989 Volvo 18-wheeler; is that right?*
*14 A Right.*
*15 Q And then in addition to that, there*
*16 was also the escort vehicle; is that correct?*
*17 A It worked out that Mr. Ward supplied*
*18 his own. He drove his own escort.*
*19 Q Okay.*
*20 A I'm not sure that he did all the time,*
*21 but at this particular time he did.*
*\* \* \**

*20*

*4 A Excuse me. No. He filled out a*
*5 lease, an equipment lease.*
*6 Q Which is different than an*
*7 application?*
*8 A Yes.*
*9 Q And that equipment lease he executed,*
*10 that was an Arkansas Transit document?*
*11 A Yes.*

36

(Doc. 69, p. 13 - referencing Doc. 35-3, Chandler Dep., at 14:7-19, 20:4-11).

*17*

*14 Around the time of May*
*15 7th or 8th 2008 when you would get a job from*
*16 Arkansas Transit, how was that conveyed to you?*
*17 How did they give you your jobs?*
*18 A The driver was called and offered a*
*19 trip.*
*20 Q Would then he call you?*
*21 A Sometimes he did. I escorted him*
*22 sometimes. Part of the time, other people did.*

(Doc. 69, p. 13 - referencing Doc. 35-4, Ward Dep., at 17:18-22).

(Doc. 71, pp. 6-7).[9]

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 14.

Carolina Casualty's argument as to this objection is set out in full below.

Carolina Casualty shows that the testimony relied upon by the Court does not establish that Max Ward was free to or ever did hire other escorts to escort his leased vehicle -- rather, it clearly states that[,] around the time of the accident, Arkansas Transit called **the driver Douglas Upton** and gave him the trips and Upton "*sometimes*" called Ward to be his escort and "*part of the time, other people [escorted him]*". There is nothing in this, or any evidence in this case, that establishes whether Max Ward hired other escort drivers to operate his leased vehicle or if it was the driver Doug Upton who found other escort drivers.

---

[9] To the extent that Carolina Casualty, in its Objections, included deposition pages and lines in its Objections that were not referenced by either the magistrate judge in the R&R and that also were not included by Carolina Casualty in its citation of pages and lines, the court has considered that over-inclusion to be a scrivener's error and has not set those lines out in this Memorandum Opinion.  However, in the event that the over-included lines were not a scrivener's error, the court has considered them and finds that they do not alter the court's analysis.

Thus, Carolina Casualty objects to the Court's findings and shows there is at least a genuine dispute as to the material fact of whether Max Ward was free to and did hire other escort drivers to escort his leased vehicle when it was used to deliver mobile homes for Arkansas Transit Homes.

(Doc. 71, pp. 7-8) (emphasis in original).

## COURT'S ANALYSIS OF OBJECTION 14.

Because Carolina Casualty has set out a specific objection and pointed to specific alleged errors in the R&R, the court has applied a *de novo* analysis of the portion of the R&R objected-to as Objection 14.  28 U.S.C. § 636(b)(1)(C); *Jeffrey S.*, 896 F.2d at 512 (discussed *supra*, p. 5).

First, Carolina Casualty has misunderstood the R&R.  The magistrate judge did reference the pages and lines set out above, but the point of referencing those pages and lines was to show that "on the day of the accident, [Ward] employed himself to drive the escort vehicle."  (Doc. 69 at 13, referencing Ward Dep. at 17:18-22).  Although this court might have preferred that the magistrate judge provide a record citation for the first part of the sentence partially set out above,[10] the fact that the magistrate judge did not shows that the significant fact for the conclusion reached was that, on the day of the accident, Ward *employed himself* to drive the escort vehicle.  That is the cake that the magistrate judge has baked.  The statement in the

---

[10]  The sentence must be read in context.  The entire paragraph is set out *infra*.

R&R that "the evidence shows that [Ward] was free to locate, hire, and pay another individual to escort the truck" (Doc. 69 at 13) is merely icing on the cake—that is, it is not necessary to or relied on for the conclusion that the magistrate judge reached.

Placing the objected-to statement in context makes clear that the magistrate judge's conclusion is correct.

> First, as provided above, the Act defines that term "employer" as "a person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns an employee to operate it." 49 U.S.C. § 31132(3). Ward falls within this definition because it is undisputed that he leased the truck to Arkansas Transit in connection with interstate commerce. As the lessor of the truck, Ward is an employer and thus excepted from the definition of statutory definition employee.[5]

>> FN 5.   In its post-argument briefing Carolina Casualty acknowledges that "Max Ward did own and lease the Ward Truck in conjunction with his business as owner/lessor of the Ward truck and therefore, in that capacity, he is an 'employer' under the Definitions." (Doc. 66 at 3).

> Carolina Casualty attempts to evade the "employer" classification by separating Ward's activities with Arkansas Transit and arguing that Ward had "two jobs" with Arkansas Transit – one as lessor of the truck and a second as "an escort driver who provided his own escort vehicle for loads being delivered by Arkansas Transit." (Doc. 66 at 2-3). This argument fails to place Ward within the definition of the term "employee" because Arkansas Transit did not *employ* Ward to drive the escort vehicle. The evidence before the court shows that Arkansas Transit contracted with Ward for Ward to provide the equipment for transport of a load, including the truck and an escort vehicle, and an escort driver. (Doc. 35-3, Chandler Dep., at 14:7-19, 20:4-11). Although Ward often escorted the truck in his own escort vehicle, the evidence

shows that he was free to locate, hire, and pay another individual to escort the truck, and on the day of the accident, he employed himself to drive the escort vehicle. (Doc. 35-4, Ward Dep., at 17:18-22). Indeed, Arkansas Transit had no control over who escorted its loads and, unlike the truck drivers, it did not keep a personnel file on escort drivers. (Doc. 35-3, Chandler Dep., at 50:1-3). Chandler[11] summarized the relationship as follows: "I pay Max Ward. The only responsibility I have is to pay Max for the load. In what way he pays his drivers, I'm not familiar." (Doc. 35-3, Chandler Dep., at 75:21-23).

Carolina Casualty presents no evidence indicating that Arkansas Transit employed Ward for the position of escort driver. Instead, the evidence demonstrates that Arkansas Transit contracted with Ward for Ward to provide an escort of its loads. Accordingly, Arkansas Transit did not employ Ward to perform work that direct affects commercial motor vehicle safety. This contrasts to the cases on which Carolina Casualty relies as the individuals at issue in *Consumers County Mutual Insurance*, *Ooida Risk Retention Group*, and *Northland Casualty Company*, were all hired by the insured to drive a commercial-motor vehicle. *Consumers Cnty. Mut. Ins. Co.*, 307 F.3d at 363 (insured hired "two drivers" who "worked for [the insured] on a load-by-load basis"); *Ooida Risk Retention Grp., Inc.*, 579 F.3d at 476 (insured hired tandem drivers); *Northland Cas. Co.*, 2007 WL 2319863, *1 (insured hired individual "to transport products on 'as needed' basis during the upcoming harvest season"). Thus, these decisions are based upon the Act's inclusion of "independent contractor when *operating* a commercial motor vehicle," in the definition of the term "employee." 49 U.S.C. § 31132(2) (emphasis added). Here, it is undisputed that Ward never operated a *commercial vehicle* for Arkansas Transit. (Doc. 35-3, Ward Dep., at 16-17). Further, unlike the individual at issue in *Oliveri v. U.S. Food Service*, No. 3:09-cv-921, 2010 WL 521126, *1 (M.D. Pa. Feb. 9, 2010), who was employed by the insured in the position of "manager of transportation," Ward was merely a lessor who provided his truck and services when needed. *See also Luckie v. Admin. Review Bd.*, 321 Fed. App'x 889, 890 (11th Cir. 2009) (individual held the "position

---

[11] Chandler testified as the 30(b)(6) representative (and President) of Arkansas Transit.

as District Security Manager for Alabama and the Florida panhandle"). Here, there is no evidence indicating that Ward applied for a position with Arkansas Transit or that Arkansas Transit considered Ward an employee. *See* (Doc. 35-3, Chandler Dep., at 12:11-13) (Arkansas Transit did not employ any escort drivers).[12]

(Doc. 69 at 13-15) (emphasis in original).

Carolina Casualty has not pointed the court to any evidence that it says controverts the evidence that the magistrate judge relied upon.  Rather, Carolina Casualty says that the evidence that the magistrate judge relied on did not support the conclusion he reached.  However, having read the conclusion in context as set out above, and having considered all of the evidence that the magistrate judge relied on as cited in his report and set out above, and having considered the magistrate judge's factual finding, adopted *supra*, pp. 19-21, that Carolina Casualty failed to present any evidence that Ward was an employee of Arkansas Transit, the court agrees with the findings and conclusions of the magistrate judge as set out in the R&R and finds that, on the day at issue, Ward was not an employee of Arkansas Transit, *ipso facto*, he was not a co-employee of Upton,[13] and the Policy exclusions at issue do not exclude coverage for damages sought by the Wards in the underlying state action.

Additionally, having reviewed the evidence *de novo*, it is undisputed that Ward

---

[12] *See also* Doc. 35-3, Chandler Dep., p. 76, ll. 7-9 (Q. "An escort driver would not be [Arkansas Transit's] employee, would he?" A. "No.").

[13] Assuming, without deciding, that Upton was an employee of Arkansas Transit.

was not performing *any* service for *anyone* at the time of the accident at issue—his

escort vehicle had been put on the truck[14] and he was sleeping in the cab of the

truck[15] being driven by Upton[16] on the return leg of the Arkansas Transit delivery.

Chandler's deposition corroborates these undisputed facts:

> Q     ... I'm switching over to Ward now.  So in May
>        when he was injured, he was injured as an escort
>        driver, wasn't he?  Wasn't that the function he was
>        performing?
>
> A     That's the function he had performed, yes.
>
> Q     Had performed.  Was performing?  [Objection to form.]
>
> Q     Wasn't he the escort driver?
>
> A     Yes.
>
> Q     Nobody else was the escort driver?
>
> A     He was in the truck. What I'm saying is he wasn't
>        performing at that moment.
>
> Q     Well, the load had been delivered, right?
>
> A     Yes, sir.

---

[14] Doc. 35-4, Ward Dep., p. 20, ll. 5-8.

[15] This is an allegation in the state court complaint and repeated by Carolina Casualty in the declaratory judgment petition pending before this court.  (*See* Doc. 1 at 4 ¶ 11).

[16] Ward explicitly testified that he never drove the truck on the trip at issue. (Doc. 35-4, Ward Dep., p. 22, ll. 22-25 (Q: "During that trip, you did not drive your [18-wheeler] truck at any point, did you?" A: "Never.")).  There is no evidence that puts this testimony in dispute.

(Doc. 35-3, Chandler Dep., p. 77, ll. 4-19).  There is simply no evidence, and no argument, that an escort vehicle *was required by Arkansas Transit* after the load had been delivered to its destination.

For all these reasons, the failure by the magistrate judge to specifically reference, in the R&R, any evidence that supports a factual finding that "Ward was free to and did hire other escort drivers to escort his leased truck when it was used to deliver mobile homes for Arkansas Transit ..." is of no consequence.  First, Carolina Casualty has not even argued, much less pointed out any authority for the proposition that an R&R must contain precise references to the evidentiary record.  Second, even if an R&R were required to contain such specific references to the evidentiary record, such references surely would be necessary (or even appropriate) only for *facts that matter* to the conclusion.  Thus, the failure to cite to precise evidence showing that Ward was free to and did hire other escort drivers to escort his leased 18-wheeler truck does not demonstrate error by the magistrate judge, rather, as explained above, it demonstrates that the magistrate judge did not think that "freedom to hire" was necessary or even relevant to the conclusion reached.  This court agrees; Carolina Casualty has wholly failed to even argue, much less demonstrate, why such evidence is necessary or relevant.

Therefore, the court adopts the factual findings of the R&R that are the subject of this objection (other than the irrelevant fact as to whether or not Ward was free to hire other escort drivers) and finds that, on the day at issue, Ward was not an employee of Arkansas Transit, *ipso facto*, he was not a co-employee of Upton,[17] and the Policy exclusions at issue do not exclude coverage for damages sought by the Wards in the underlying state action.

## CAROLINA CASUALTY OBJECTION 15.

Carolina Casualty objects to the following findings by the Court on the grounds they are unsupported by the evidence, or in the alternative, there is at least a genuine there is a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury:

> [O]n the day of the accident, [Ward] employed himself to drive the escort vehicle.

(Doc. 69, p. 13.)

(Doc. 71, p. 8).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 15.

Carolina Casualty's argument as to this objection is as follows.

Thus, the Court found that Ward was his own employer and his own employee on the date of the accident. The Court further found that this disqualifies Ward from falling within the definition of "employee" under

---

[17] See *supra* note 26.

the federal regulations. (Id.)

Carolina Casualty objects to these findings on the grounds they are unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury and that it is unsupported by applicable law.

(Doc. 71, p. 8).

## COURT'S ANALYSIS OF OBJECTION 15.

To the extent that Carolina Casualty states in this objection that the magistrate judge found that the Court "found that Ward was his own employer and his own employee on the date of the accident," this court agrees that the magistrate judge did make that factual finding.  However, after *de novo* review, and consistent with the court's prior factual findings, the court adopts this factual finding and concludes that Ward was his own employer and his own employee on the date of the accident.

As to Carolina Casualty's objection that the court "further found that this [fact of employing himself] disqualifies Ward from falling within the definition of 'employee' under the federal regulations," the court disagrees with Carolina Casualty's interpretation of the R&R, specifically, that the magistrate judge concluded that, because the regulations exclude "an employer" from the definition of statutory employee, the fact that Ward was both his own employer and his own

employee on the date of the accident causes Ward to be excluded from the definition of a "statutory employee."   Rather, the magistrate judge clearly (and correctly) concluded that Ward is not a statutory employee, as argued by Carolina Casualty, "because he is an employer as that term is defined by the Act,"[18] and thus is excluded from the statutory definition of "employee" because "he did not maintain the truck or drive the escort vehicle *in the course of employment with Arkansas Transit*." (Doc. 69 at 12-13) (emphasis in original).

As helpfully set out in the R&R, the relevant statutory and regulatory provisions are as follows.   Section 31132(2) of the Motor Carrier Safety Act (the "Act") defines the term "Employee" in relevant part as:

> *[A]n operator of a commercial motor vehicle* (including an independent contractor when operating a commercial motor vehicle), a mechanic, a freight handler, *or* an individual *not an employer*, who–
>
> > (A) directly affects commercial motor vehicle safety in the course of employment....

49 U.S.C. § 31132(2) (emphasis supplied).

The Act defines the term "Employer" in relevant part as follows:

(A) [Employer] means a person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns an employee to operate it....

_____

[18] The Motor Carrier Safety Act, 49 U.S.C. § 31144.

46

49 U.S.C. § 31132(3).

Additionally, as explicitly authorized by the Act, the Federal Highway Administration has issued regulations further clarifying the statutory definition of the terms "Employee" and "Employer."   In relevant part, those regulations state as follows:

> Employee means any individual, *other than an employer*, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler.

> Employer means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it....

49 C.F.R. § 390.5.

This court agrees with the magistrate judge that Ward did not meet either statutory definition of "Employee."   It is undisputed that he leased the truck to Arkansas Transit.   Therefore, he is an "Employer" under the Act and cannot be an "Employee" under the second portion of Section 31132(2)(A).   However, because the statute is written in the disjunctive,[19] his status as an "Employer" does not prevent his

---

[19] *See Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 474 (5th Cir. 2009) ("The disjunctive use of 'or' creates a distinction between an 'operator of a commercial motor vehicle' and a *non-employer* individual who directly affects commercial motor vehicle safety *in the course of employment* . . . ." (emphasis supplied)).

being an "Employee" under the first portion of Section 31132(2)(A).  It is undisputed that, on the date at issue, Ward was not "an operator of a commercial motor vehicle." Thus, he also does not meet the definition set out in the *first* portion of Section 31132(2)(A).

Carolina Casualty argued before the magistrate judge  that, because Ward's activities maintaining the truck that he leased to Arkansas Transit directly affected motor vehicle safety, and because his role as an escort driver directly affected motor vehicle safety, he falls within the second portion of the statutory and regulatory definition of "Employee."  (Doc. 38 at 18-19, cited in Doc. 69 at 12.)  However, the magistrate judge correctly rejected both of these arguments, as they ignore the limitations set out in the statute and regulations.  As stated in the R&R,

> First, it is important to note that the Act and its regulations do not define an employee as simply an individual who "direct affects commercial motion vehicle safety." Instead, the Act and regulations define the term "employee" as an individual, *not an employer*, who directly affects commercial motor vehicle *in the course of employment*. Ward does not fall within this definition because he is an employer as that term is defined by the Act, and he did not maintain the truck or drive an escort vehicle *in the course of employment with Arkansas Transit*.

(Doc. 69 at 12-13).

This court agrees.  Alternatively, this court finds that Ward did not meet the statutory definition of "Employee" because the undisputed evidence is that he was not

performing *any* services for Arkansas Transit, even those of an escort driver, at the time of the accident that is the basis for this declaratory judgment petition and for the underlying state court action.

For all these reasons, Carolina Casualty's Objection 15 is **OVERRULED**. The court **ADOPTS** the factual findings and legal conclusions at issue in this objection, and alternatively finds that Ward did not meet the statutory definition of "Employee" for the additional reason set out above.

## CAROLINA CASUALTY OBJECTION 16.

Carolina Casualty objects to the Court's finding that Max Ward was not an "employee" of Arkansas Transit Homes under the federal regulations on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury and that it is unsupported by applicable law.

(Doc. 71, p. 9).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 16.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Indeed, Carolina Casualty does not provide this court with any citation to the R&R for this objection. Thus, Carolina Casualty has waived any objection to any such factual findings. Further, Carolina Casualty has not alerted the court to any

potential error by the magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 16.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection.  This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong.  A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R.  Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions.  Specifically, under the language of the Act and the regulations, Ward was not an "employee" of Arkansas Transit.

## CAROLINA CASUALTY OBJECTION 17.

Carolina Casualty objects to the Court's finding that Carolina Casualty presented no evidence indicating that Arkansas Transit employed Max Ward for the position of escort driver on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury and that it is unsupported by applicable law.

(Doc. 71, p. 9).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 17.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Indeed, Carolina Casualty does not provide this court with any citation to the R&R for this objection. Thus, Carolina Casualty has waived any objection to any such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 17.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection. This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*,

51

"unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong. A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R. Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions. Specifically, the court finds that Carolina Casualty failed to present evidence that Arkansas Transit employed Ward for the position of escort driver.

### CAROLINA CASUALTY OBJECTION 18.

Carolina Casualty objects to the Court's recommendation that the Defendants are entitled to judgment as a matter of law on the grounds it is unsupported by the evidence, or in the alternative, there is at least a genuine dispute as to a material fact or facts upon which the finding is based and the evidence presented in this matter presents a sufficient disagreement to require submission to a jury and that it is unsupported by applicable law.

(Doc. 71, p. 9).

## CAROLINA CASUALTY'S ARGUMENT AS TO OBJECTION 18.

Carolina Casualty makes no argument and asserts no evidence (or lack of evidence) controverting the magistrate judge's factual findings asserted in this objection. Indeed, Carolina Casualty does not provide this court with any citation to the R&R for this objection. Thus, Carolina Casualty has waived any objection to any such factual findings. Further, Carolina Casualty has not alerted the court to any potential error by the magistrate judge.

## COURT'S ANALYSIS OF OBJECTION 18.

Because Carolina Casualty makes no argument and asserts no evidence (or lack of evidence), Carolina Casualty has waived any objection to the magistrate judge's factual findings at issue in this objection. This court will not sift through the R&R and attempt to guess which of those findings are, *in Carolina Casualty's view*, "unsupported by the evidence." *Alexander*, 766 F. Supp. 2d at 1237 (discussed *supra*, p. 10).

Further, Carolina Casualty has failed to set out any argument that the magistrate judge's legal conclusions here objected to are wrong. A party objecting to an R&R must say enough to alert the court to alleged errors on the part of the magistrate judge. *VanDiver*, 304 F. Supp. 2d at 937-38 (discussed *supra*, p. 11).

Thus, based on Carolina Casualty's failure to identify any evidence that

controverts the findings set out in its second objection, or to alert the court to any alleged legal error, the court **OVERRULES** such objection and **ADOPTS** the factual findings and legal conclusions as set out in the R&R.  Alternatively, after a *de novo* review of the briefs and the evidence, the court agrees with those findings and conclusions.  Specifically, the court finds that Defendants are entitled to judgment as a matter of law that neither Policy exclusion applies to the claims asserted in the underlying state court action.

## V.    <u>Conclusion.</u>

Therefore, having carefully considered the materials in the court file, including the Report and Recommendation, and after conducting a *de novo* review of the record relating to Plaintiff's objections, the magistrate judge's report is **ADOPTED** and his recommendations are **ACCEPTED** as modified herein.  Relatedly, Carolina Casualty's objections are **OVERRULED**.  By separate Order, the court will enter judgment in favor of Defendants Mr. Ward, Mrs. Ward, Arkansas Transit, and Shirley Upton, as Personal Representative of the Estate of Edward Upton, Deceased.

**DONE** this the 11th day of April, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge